## Cincinnati
# SUPERIOR COURT

No. 222
### McKENZIE v. BENDER
Superior Court of Cincinnati
No. 58954. June 13, 1924.

**1200. VENDOR AND PURCHASER**—Two vendors, having title by devise to them for life and on the death of either of them to the survivor in fee simple, have sufficient title to enable them to convey the land "clear and free and unincumbered."

MARX, J.

Epitomized Opinion

Suit by the vendee of a land contract against the vendors to recover back $1000 payment made on the purchase price and for $10,000 damages for failure to convey a clear, free and unincumbered title. The vendors, Frank and Florence Bender contracted to convey such title, but at the time of tender of the deed the vendee found that the land in question had previously been devised to Frank and Florence for life and at the death of either then to the survivor in fee simple. Vendee thereupon refused to accept the deed and brought this action contending that the title was not clear in Frank and Florence because they might both die, simultaneously. On demurrer to the amended petition the court held:

The title offered by Frank and Florence was sufficient to satisfy requirement by "clear, free and unincumbered." No reasonable and prudent purchaser would hesitate at the marketability of this title, because the chance of the vendor's simultaneous deaths is too unlikely. Their simultaneous deaths would not affect the title anyway for their joint deed would completely estop anyone setting up a claim by through or under them. Demurrer sustained.

Attorneys—Foster, Brunsman & Woost for McKenzie; John W. Cowell and Alvin H. Hodges, for Benders; all of Cincinnati.

---

No. 223
### QUARTORS v. LAMPING
Cincinnati Superior Court
No. 56115. Decided Dec. 31, 1924.

**1042. REVIVOR**—Revivor after lapse of year from death of party held in discretion of court.

**480. EVIDENCE**—Under 11495 G. C. when defendant dying after having testified at previous trial, his evidence is admissible at second trial and plaintiff has same right.

**667.—JUDGMENT**—When the judgment for plaintiff at first trial is reversed and record at second trial is identical the lower court is compelled to follow the appellate court.

MARX, J.

Epitomized Opinion
Published only in Ohio Law Abstract

Action to recover commission for sale of real estate resulting in finding of issues for plaintiff and upon error judgment was reversed and cause remanded for a new trial. Before the second trial the defendant died. The supplemental petition for revivor was not filed for more than a year after the death of the defendant. At the second trial the testimony of both the plaintiff and defendant and other witnesses given at the first trial was admitted in evidence. The plaintiff himself did not offer to testify in addition to offering the testimony of the previous case. The court of appeals held:

1. That it had discretion to order the action revived against the defendant's estate even though more than a year had elapsed since his death.

2. 11495 G. C. The testimony given at the previous trial was admissible at the second trial. The court in obiter suggests that in addition the plaintiff must have testified in his behalf.

3. If evidence offered in the second trial is identical with that of the first trial the judgment of the court of appeals establishes conclusively the law of this case.

Attorneys—Ben B. Nelson and J. E. Reppoport for Quartors; Oscar W. Kuhn for Lamping; all of Cincinnati.

---

**THE DIFFERENCE**

Between being a subscriber and reader of the Ohio Law Abstract, and not being, may often be the difference between winning and losing a case. The Abstract is a real protection to the lawyer who takes it and reads it promptly every week.